IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH A. MEYER, JR. and STATIM HOLDINGS, INC.,<br><br>    Defendants. | Civil Action File No.<br>1:18-cv-05868-LMM |

### RECEIVER'S MOTION TO ALLOW AND PAY FEES AND EXPENSES TO THE RECEIVER (FIRST INTERIM APPLICATION) WITH BRIEF IN SUPPORT

Al Hill, the Receiver appointed in these proceedings ("Receiver"), files his motion for payment of fees and expenses incurred in his duties as Receiver for the period July 1, 2019 through September 30, 2019 (the "Application Period").

On July 9, 2019, this Court appointed the Receiver "for the purposes of marshaling and preserving assets of Statim and the hedge fund that it controls, Arjun, L.P. ('Arjun' or the 'Fund') and for obtaining independent representation for Statim and the Fund." [Doc. 71 at 1-2.]

During the Application Period, the Receiver, lawyers, and paralegals at the office of Taylor English Duma LLP have performed services and incurred expenses in furtherance of the Receiver's duties under the Order as follows:

| | | |
|---|---|---|
| (a) | Activities of Receiver | $ 27,463.50 |
| (b) | Counsel to Receiver | $ 31,776.00 |
| (c) | Litigation (filing fees in M.D. Ga. & S.D. Ga.) | $     176.67 |
| | **TOTAL:** | $ 59,416.17 |

All of the foregoing work was under the category of Case Administration as defined in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" ("Billing Instructions"). The Receiver is attaching Statement numbers 538006, 538007, 538008, 543302, 543303, 543304, 549519, 549520, and 549521 from Taylor English Duma LLP, collectively Exhibit "A," which summarize the work of the Receiver and the attorneys and paralegals who assisted the Receiver in the fulfillment of his duties during the Application Period. The invoices reflect: (1) the date services were rendered; (2) identification of the individual rendering the service; (3) description of the work; (4) hourly rate; (5) monetary charge associated with the services performed; and (6) expenses incurred.

In addition, the Receiver retained, with Court approval [Doc. 83], the services of Lightfoot Group, LLC for forensic accounting work.  During the period, the Lightfoot Group performed services and incurred expenses as follows:

| | | |
|---|---|---:|
| (a) | Litigation Consulting | $ 4,757.50 |
| (b) | Accounting/Auditing | <u>$ 2,282.50</u> |
| | **TOTAL:** | $ 7,040.00 |

The invoice of Lightfoot Group is attached as Exhibit B, along with its certification required by the Billing Instructions.  The invoice reflects: (1) the date services were rendered; (2) identification of the individual rendering the service; (3) description of the work; (4) hourly rate; (5) monetary charge associated with the services performed; and (6) expenses incurred.

The Standardized Fund Accounting Report (required by the Billing Instructions) is attached as Exhibit C and provides a summary of the financial condition of the receivership.

During the Application Period, the Receiver (a) provided notice of his appointment in the Middle and Southern Districts of Georgia, (b) gained control of bank accounts of Statim, (c) communicated extensively with Mr. Meyer and his counsel to learn more about the operation of Statim and Arjun, (d) communicated with investors and their counsel, (e) interviewed the accountants for Statim and

Arjun, (f) obtained access to records of the various third-party administrators that provided services to Statim and Arjun, (g) retained the services of the forensic accountant, (h) established a website for keeping investors informed, (i) gained access to historical financial information of Arjun and Statim, (j) suspended payments on outstanding loans made by Arjun to investors, and (k) worked with Lightfoot Group to begin an accounting investigation. The Receiver has not yet determined when the receivership is expected to close.

Pursuant to the Billing Instructions, the undersigned certifies as follows:

(a) the undersigned has read the Application;

(b) to the best of the Applicant's knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions (with any exceptions specifically noted in the Certification and described in the Application);

(c) all fees contained in the Application are based on the rates listed in the Applicant's fee schedule attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

(d) the Applicant has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and,

(e) in seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), the Applicant requests reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor. If such services are performed by the receiver, the receiver will certify that it is not making a profit on such reimbursable service.

In addition, as required by the Court's Order [Doc. 71 at 21], the undersigned certifies that: (i) the fees and expenses included were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Finally, as the Court directed [Doc. 71 at 20], the Receiver supplied a draft of this Application and all attachments to the SEC and counsel for Mr. Meyer on December 20, 2019. By e-mail on December 22 and 23, they responded that they had no objection to the Application.

The Receiver respectfully requests that the Court grant this interim application for payment of fees in the amount of $59,416.17 to Taylor English Duma LLP and $7,040.00 to Lightfoot Group, LLC. A proposed order is attached as Exhibit D.

Respectfully submitted, this 23rd day of December, 2019.

*/s/ William G. Leonard*
WILLIAM G. LEONARD
Georgia Bar No. 446912
bleonard@taylorenglish.com

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (404) 434-7376
*Attorneys for Receiver Al B. Hill*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing *Receiver's Motion to Allow and Pay Fees and Expenses to the Receiver (First Interim Application) with Brief in Support* with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

This 23rd day of December, 2019.

*/s/ William G. Leonard*
WILLIAM G. LEONARD
bleonard@taylorenglish.com